United States District Court
Southern District of Texas
**ENTERED**
September 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BRAD MERRITT, *et al.*, § | |
| § | |
| Plaintiffs. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:24-cv-00107 |
| § | |
| HAMILTON-RYKER IT § | |
| SOLUTIONS, LLC, § | |
| § | |
| Defendant. § | |

## OPINION AND ORDER

In February 2020, Lynnwood Pickens ("Pickens") filed a Fair Labor Standards Act ("FLSA") lawsuit against Defendant Hamilton-Ryker IT Solutions, LLC ("Hamilton-Ryker") in the United States District Court for the Middle District of Tennessee. *See* Complaint, *Pickens v. Hamilton-Ryker IT Sols., LLC*, No. 3:20-cv-141 (M.D. Tenn. Feb. 18, 2020). In that case, Pickens alleged that Hamilton-Ryker violated the FLSA by failing to pay him time and a half for all hours he worked over 40 hours per week. Pickens sought to certify the case as a collective action under the FLSA. Fourteen former Hamilton-Ryker employees (the Plaintiffs in the instant action) filed consents to join the Tennessee case.

After the close of discovery in *Pickens*, the parties each filed summary judgment motions. Those motions centered around whether Pickens and the Plaintiffs qualified for the FLSA's exemption for highly compensated employees who perform executive, administrative, and/or professional duties. To qualify for this exemption, Hamilton-Ryker must have paid its employees on a salary basis. On March 28, 2024, United States District Judge William L. Campbell, Jr. granted Hamilton-Ryker's motion and denied Pickens's motion. *See Pickens*, 2024 WL 1337185 (M.D. Tenn. Mar. 28, 2024). Judge Campbell held that Pickens fell within the executive exemption because he was, among other things, paid on a salary

basis. *See id.* at *4. Relevant here, Judge Campbell's opinion did not purport to resolve Plaintiffs' claims against Hamilton-Ryker. *See id.* at *1 n.2 ("At this juncture, the Court has not made any final determination as to the opt-in plaintiffs. Accordingly, the only plaintiff is Lynwood Pickens.").

On April 12, 2024, roughly two weeks after Judge Campbell's ruling, Plaintiffs filed the present lawsuit in the Southern District of Texas, Galveston Division. The allegations in this case are identical to the allegations in *Pickens*: Plaintiffs claim they are entitled to overtime compensation under the FLSA.

On April 24, 2024, Pickens, as well as Plaintiffs here, appealed the judgment in the Tennessee matter to the United States Court of Appeals for the Sixth Circuit. Although Plaintiffs' counsel now suggests that "Plaintiffs aren't pursuing their claims here [in Texas] while also appealing the *Pickens* judgment," Dkt. 32 at 2, the Notice of Appeal says differently. The Notice of Appeal filed by Pickens's counsel is unequivocal: "Notice is hereby given that Plaintiff Lynwood Pickens, *together with all Opt-in Plaintiffs*, hereby appeal" Judge Campbell's "order dismissing *Plaintiffs'* claims." Dkt. 14-6 at 2 (emphases added). Whether or not Plaintiffs appealed Judge Campbell's decision, it is undisputed that Hamilton-Ryker filed a cross-appeal. Hamilton-Ryker's Notice of Cross Appeal states that "[Hamilton-Ryker] appeals the Judgment to the extent it is deemed to have determined that the Opt-ins are not plaintiffs in this lawsuit." Dkt. 33-1 at 2.

On May 24, 2024, Hamilton-Ryker moved to dismiss this case. *See* Dkt. 14. In its Motion to Dismiss, Hamilton-Ryker argues that Plaintiffs' claims here are (1) barred by the judgment in *Pickens* under the doctrine of res judicata; (2) barred by the FLSA's statute of limitations; and (3) barred by the first-to-file rule and the policy against judge shopping. After the parties completed briefing on the motion, I held oral argument. At that hearing, I *sua sponte* raised the possibility of staying this action pending the Sixth Circuit's decision in *Pickens*. I also gave the parties an opportunity to file supplemental briefing to address the stay issue. Each side

has made such a submission. *See* Dkts. 32, 33. I must now decide whether to stay this case pending the outcome of the *Pickens* appeal.

As a general rule, a "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."). In determining whether a stay is appropriate pending the resolution of another case, I must consider "(1) the potential prejudice to [P]laintiffs from a brief stay, (2) the hardship to [Hamilton-Ryker] if the stay is denied; and (3) the judicial-efficiency in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015).

Considering these factors, there is no legitimate reason to proceed here when there is an appeal pending before the Sixth Circuit that may very well resolve all the issues in this case. The Sixth Circuit will decide: (1) whether Plaintiffs are bound by the district court's judgment in *Pickens*; (2) whether collateral estoppel bars Hamilton-Ryker from arguing that its pay practice satisfied the salary basis test[1]; and (3) whether, in the event the collateral estoppel doctrine is inapplicable, Hamilton-Ryker's pay practice did, in fact, satisfy the salary basis test. If, hypothetically, the Sixth Circuit concludes that Plaintiffs are bound by the Tennessee district court's judgment, there is nothing for me to decide. In such a scenario, the Sixth Circuit's ultimate decision on the applicability of the collateral

---

[1] The collateral estoppel argument is based on the contention that Hamilton-Ryker is bound by the Fifth Circuit's decision in *Gentry v. Hamilton-Ryker IT Sols. LLC*, 102 F.4th 712 (5th Cir. 2024), which held that the same pay plan at issue in *Pickens* (and this case) violates the salary basis test.

estoppel doctrine and the salary basis test will conclusively resolve the dispute between Plaintiffs and Hamilton-Ryker.

Plaintiffs spill much ink arguing that Hamilton-Ryker will not prevail before the Sixth Circuit, but that argument misses the mark. I will not guess how the Sixth Circuit will rule. All I know at this juncture is that the resolution of the *Pickens* appeal might dispose of the same issues involved in this case.

A stay will not prejudice Plaintiffs. I fully understand why Plaintiffs want to proceed in the Southern District of Texas. The Fifth Circuit decided earlier this year in *Gentry* that the pay practice at issue here violates the salary basis test. Plaintiffs surely prefer to be in a forum where that decision is binding. But Plaintiffs made a conscious decision to first sue Hamilton-Ryker in federal court in Tennessee. It is, quite simply, disingenuous for Plaintiffs to claim that they need to rush to judgment in this case when they chose four years ago to proceed in federal court in Tennessee.

Although Plaintiffs cannot show any hardship in awaiting a decision from the Sixth Circuit, allowing this case to proceed will force Hamilton-Ryker to litigate the same claims by the same parties in two different forums at the same time. That makes zero sense. Waiting for the Sixth Circuit to issue an opinion in *Pickens* will avoid expending unnecessary judicial resources. It seems incredibly obvious, but is worth emphasizing, that federal district courts should strive to avoid the unnecessary duplication of proceedings. *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728–29 (5th Cir. 1985) ("As between federal district courts, the general principle is to avoid duplicative litigation. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." (cleaned up)); *Wolf Designs, Inc. v. Donald McEvoy Ltd.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) ("Indeed, a stay pending the outcome of litigation in another court between the

same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources.").

    For the reasons discussed, this case is stayed and administratively closed until the Sixth Circuit's decision in *Pickens* is issued. The parties are ordered to promptly inform the court when that occurs.

    SIGNED this 10th day of September 2024.

                                               ANDREW M. EDISON
                                   UNITED STATES MAGISTRATE JUDGE